

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

_____

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington DC, 20004*

September 19, 2024

Christopher M. Davis, Esq.
1350 Connecticut Avenue NW, Suite 202
Washington, D.C. 20036
cmdavisdc@gmail.com

      Re: *United States v. Jacob Blair*,
         Case No. 23-CR-051 (ABJ) (D.D.C.); and
         ~~Case No. 23-CR-026 (NR) (W.D. Pa.)~~ 24-CR-560 (ABJ)

Dear Mr. Davis:

  This letter sets forth the full and complete plea offer to your client, Jacob Blair, (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on October 1, 2024. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement"). The terms of the offer are as follows:

  **1.**  **Charges and Statutory Penalties**

Your client agrees to plead guilty to the following:

- In Case No. 23-CR-051 (ABJ) (D.D.C.), Counts 1 and 3 in the Second Superseding Indictment, dated March 23, 2023, charging your client with Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

- In Case No. 23-CR-026 (NR) (W.D. Pa.), Count 2 in the Indictment, dated February 14, 2023, charging your client with Possession with Intent to Distribute

40 Grams or More of a Mixture and Substance Containing Fentanyl, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii).

The government and your client agree that, subject to the consent of the United States Attorneys for the Western District of Pennsylvania and the District of Columbia, and pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty to all the above counts in United States District Court for the District of Columbia, where he will also be sentenced..

Your client understands that a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), and (Count 1 of the D.D.C. Second Superseding Indictment) carries a mandatory minimum sentence of 10 years of imprisonment and a maximum sentence of life imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $10,000,000; a term of supervised release of not less than five years; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that a violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3 of the D.D.C. Second Superseding Indictment) carries a mandatory minimum sentence of five years of imprisonment and a maximum sentence of life imprisonment, which must run consecutive to any other sentence imposed, a fine of not more than $250,000; a term of supervised release of not more than five years; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that a violation of 21 U.S.C. § 841(a)(1), and 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii) (Count 2 of the W.D. Pa. Indictment) carries a mandatory minimum sentence of five years of imprisonment and a maximum sentence of 40 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000; a term of supervised release of not less than four years; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2023) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2.   **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Please

have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. **Additional Charges**

In consideration of your client's guilty plea to the above offenses, your client will not be further prosecuted criminally by this Office or the United States Attorney's Office for the Western District of Pennsylvania for the conduct set forth in the attached Statement of Offense. At the time of sentencing, the Government will request that the Court dismiss the remaining applicable counts against your client in the Second Superseding Indictment (Case No. 23-CR-051 (ABJ) (D.D.C.)) and remaining applicable counts in the Indictment (Case No. 23-CR-026 (NR) (W.D. Pa.)). Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

After the entry of your client's plea of guilty to the offenses identified in Paragraph 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal, District of Columbia, or Pennsylvania law which was committed within the District of Columbia or the Western District of Pennsylvania by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

4. **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A. **Estimated Offense Level Under the Guidelines**

Your client agrees and will acknowledge at the time of the plea of guilty to the offenses stated above that, pursuant to U.S.S.G. § 1B1.3:

- Regarding Case No. 23-CR-051 (ABJ) (D.D.C.), your client is accountable for more than 1.2 kilograms but less than 4 kilograms of a mixture or substance containing a detectable amount of fentanyl, and at least 50 grams but less than 200 grams of a mixture or substance containing a detectable amount of methamphetamine, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute, and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement. Your client also agrees that his

distribution of controlled substances occurred through through mass-marketing by means of an interactive computer service.

- Regarding Case No. 23-CR-026 (NR) (W.D. Pa.), your client is accountable for at least 350 grams but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and at least 400 grams but less than 1.2 kilograms of a mixture or substance containing a detectable amount of fentanyl, which quantities represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

The parties agree that Count 1 in the Second Superseding Indictment (Case No. 23-CR-051 (ABJ) (D.D.C.)) and Count 2 in the Indictment (Case No. 23-CR-026 (NR) (W.D. Pa.)) group together into a single Group pursuant to U.S.S.G. § 3D1.2(d). The parties further agree that the following Sentencing Guidelines sections apply for these drug counts:

| | | |
|---|---|---|
| U.S.S.G. § 2D1.1(c)(4) | Base Offense Level | 32 |
| U.S.S.G. § 2D1.1(b)(7) | Specific Offense Characteristics<br>Mass-Marketing / Interactive Computer Service | +2 |
| | Total | 34 |

With respect to Count 3 (Possession of a Firearm in Furtherance of Drug Trafficking), pursuant to U.S.S.G. § 2K2.4(b), the parties agree that the Guidelines range is sixty months (five years) of imprisonment, which is to run consecutively to the sentence imposed for the two drug counts outlined above.

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct,

unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 31.

### B. Estimated Criminal History Category

Based upon the information now available to this Office, your client has no criminal convictions. Accordingly, your client is estimated to have no criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C. Adjustment Based on U.S.S.G. § 4C1.1

The parties agree that your client is not eligible for an adjustment pursuant to U.S.S.G. § 4C1.1 because U.S.S.G. §§ 4C1.1(a)(7) applies. Specifically, the parties agree that your client possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon, or induced another participant to do so, in connection with the offense, and therefore that your client is ineligible to receive the adjustment pursuant to U.S.S.G. §§ 4C1.1(a)(7).

### D. Estimated Guidelines Range

Based upon the Estimated Offense Level (31) and the Estimated Criminal History Category (I) set forth above, your client's estimated Sentencing Guidelines range for the drug counts is 120 to 135 months[1] to be served consecutive to a 60-month term of imprisonment for the firearms count, for a total sentencing range of 180 to 195 months of imprisonment (the "Estimated Guidelines Range"). The parties acknowledge that there is a statutory mandatory minimum sentence of 180 months (15 years) of imprisonment in Case No. 23-CR-051 (ABJ) (D.D.C.) and a statutory mandatory minimum sentence of 60 months (5 years) of imprisonment in Case No. 23-CR-026 (NR) (W.D. Pa.).

In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 31, the estimated applicable fine range is $30,000 to $300,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Adjustment Pursuant to

---

[1] The parties agree that although the Guidelines' range for the drug counts is 108-135 months pursuant to the Sentencing Table, there is a mandatory minimum sentence of 120 months; therefore, the actual Guidelines' range is 120 to 135 months.

U.S.S.G. § 4C1.1" section above and "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, or that your client is not eligible for an adjustment pursuant to U.S.S.G. § 4C1.1, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5. **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. The parties also agree to jointly recommend a sentence of 120 months for the drug counts, to be served consecutive to a 60 month sentence for the firearms count, for a total sentence of 180 months (15 years) of imprisonment and five years of supervised release.

6. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer. As set forth in Paragraph 5, the parties agree to jointly recommend a total sentence of 180 months of imprisonment and five years of supervised release.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in these cases pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Conditions of Release**

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in these cases that your client be detained without bond pending your client's sentencing in these cases, pursuant to 18 U.S.C. § 3143. In addition, your client acknowledges that, because your client is pleading guilty to an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), the Court is required to order your client to be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

8. **Waivers**

   A. **Venue**

Your client waives any challenge to venue in the District of Columbia for Case No. 23-CR-051 (ABJ) (D.D.C.) and waives any challenge to venue in the Western District of Pennsylvania in Case No. 23-CR-026 (NR) (W.D. Pa.). Moreover, as noted, the government and your client agree that, subject to the consent of the United States Attorneys for the Western District of Pennsylvania and the District of Columbia, your client will plead guilty to all the above counts in United States District Court for the District of Columbia, where he will also be sentenced, pursuant to Rule 20 of Federal Rules of Criminal Procedure.

   B. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

   C. **Trial Rights**

Your client understands that by pleading guilty in these cases your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your

client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.   Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in these cases on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in these cases, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence,

*90*   12/17/24

your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.  Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c).

### 9.  Forfeiture

Your client agrees to the Forfeiture Allegation in the Second Superseding Indictment, dated March 23, 2023, in Case No. 23-CR-051 (ABJ) (D.D.C.) and the Forfeiture Allegation in the Indictment, dated February 14, 2023, in Case No. 23-CR-026 (NR) (W.D. Pa.). Your client agrees that the total amount of controlled substances, firearms, paraphernalia, and proceeds recovered during the course of the conspiracy was properly seized. Your client agrees that the proffer of evidence supporting your client's guilty pleas is sufficient evidence to support these forfeitures. The United States and your client agree that the Court will enter a Preliminary Consent Order at the time of your client's guilty pleas or at any time before sentencing. Your client agrees that the Court will enter a Final Order of Forfeiture for this property as part of his sentences.

Your client agrees that this plea agreement permits the Government to seek to forfeit any of your client's assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any property constituting, or derived from, any proceeds your client obtained, directly or indirectly, as the result of the violation to which he is pleading guilty; (2) any of your client's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (3) any substitute assets for property otherwise subject to forfeiture. See 21 U.S.C. § 853.

Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property which forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporate of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since August 1, 2022, or in which

your client has or had during that time any financial interest. Your client will complete and provide the undersigned Assistant United States Attorney a standard financial disclosure form within 10 days of the execution of this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 10. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off –the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

## 11. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than October 1, 2024.

Sincerely yours,

*Matthew M. Graves /DTH*
Matthew M. Graves
United States Attorney

By: *Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney

*Eric G. Olshan*
Eric G. Olshan
United States Attorney
Western District of Pennsylvania

*DeMarr Moulton*
DeMarr W. Moulton
Assistant United States Attorney
Western District of Pennsylvania

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Christopher Davis, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 10-7-24            _Jacob Blair_
                         Jacob Blair
                         Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Jacob Blair, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10-3-24            _Christopher M. Davis_
                         Christopher M. Davis, Esq.
                         Attorney for Defendant